UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIE SMITH,

        Plaintiff,

v.                                     Case No. 5:19-cv-154-Oc-36PRL

R.C. CHEATHAM, *et al.*,

        Defendants.

_____

**<u>ORDER</u>**

Before the Court is Plaintiff's construed *pro se* Motion for Temporary Restraining Order/ Request for a Preliminary Injunction (Dkt. 4). In the motion, Plaintiff states that he is entitled to a preliminary injunction from the Court ordering Defendants to "do their job[s] professionally." The Court, having considered the motion, being fully advised in the premises, and concluding that it does not warrant the extraordinary relief requested, will deny Plaintiff's construed Motion for Temporary Restraining Order/Request for a Preliminary Injunction.

**I.    BACKGROUND**

Plaintiff, a federal inmate incarcerated at the Coleman Federal Correctional Complex (U.S.P. I), filed his Complaint[1] in which he states that the prison officials denied him proper medical care. (Dkt. 1). He alleges that Defendants have not adequately treated his pain from lymph

---

[1] It appears that Plaintiff attempted to verify his complaint under 28 U.S.C. § 1746, but his verifying statement falls short. *See id*. ( "Wherever, ..., any matter is required or permitted to be ... proved by ... verification, ..., such matter may, with like force and effect, be ... proved by the unsworn declaration, ..., verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:... 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).' " Plaintiff's statement does not include "under penalty of perjury." (Dkt. 1 at 7).

adenopathy and bilateral inguinal hernias. (*Id*.) The most recent encounter with medical staff of which Plaintiff complains occurred January 2, 2019. (*Id.* at ¶¶ 22, 23).

Within the Complaint, Plaintiff moves for "a preliminary and permanent injunction ordering defendants to do their job[s] professionally. . ." (*Id*. at ¶ 29). The Clerk docketed the Complaint as a " Motion for Temporary Restraining Order" in a separate docket entry (Dkt. 4). As such, the Court will construe Plaintiff's request for a preliminary injunction within his Complaint as one for a Temporary Restraining Order. Under either standard, Plaintiff's request is due to be denied.

## II. LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States¸* 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin*., 846 F. Supp. 60, 61 (M.D. Fla. 1994). And although the Court liberally construes filings by *pro se* plaintiffs, the plaintiffs must still comply with the Federal Rules of Civil Procedure and the Court's Local Rules. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

> Rule 65 of the Federal Rules of Civil Procedure provides that:
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Similarly, the Local Rules of the Middle District of Florida provide that a party seeking a temporary restraining order must show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible[,]" including the reason that notice cannot be given. L. R. 4.05(b)(2) and (4).

And the Local Rules require that a motion for a temporary restraining order "be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P." L. R. 4.05(b)(3).

Before the Court may grant either a temporary restraining order or a preliminary injunction, the moving party must post security "in an amount ... to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

### III. DISCUSSION

To the extent Plaintiff seeks a Temporary Restraining Order, he has not complied with Rule 65 or the Local Rules. He did not properly verify the Complaint. Although Plaintiff indicates that he exhausted his administrative remedies prior to filing the Complaint, his description of the efforts is insufficient to satisfy notice under the Federal Rules of Civil Procedure and the Local Rules. He does not specifically state that he informed the Defendants that he was seeking a temporary restraining order. And he has not established why service of process and notice to the Defendants should not be required prior to entry of a temporary restraining order.

And Plaintiff fails to clearly show that immediate and irreparable injury, loss, or damage will result to him before Defendants may be heard in opposition. *See* Fed. R. Civ. P. 65(b); L. R. 4.05(b). The Court will not issue a temporary restraining order without notice. Therefore, Plaintiff's construed Motion for a Temporary Restraining Order will be denied.

Plaintiff also has not demonstrated entitlement to a preliminary injunction. He has not shown a substantial likelihood of success on the merits; that injunctive relief is necessary to prevent irreparable injury; that the threatened injury outweighs the harm that the requested injunctive relief would cause to Defendants; and that the injunction would not be adverse to the public interest. *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

Although Plaintiff alleges, in a conclusory fashion, that he will suffer irreparable harm and has no adequate remedy at law, (Dkt. 1 at ¶ 25), he does not state sufficient facts to support those allegations. Nor has Plaintiff shown that his alleged injury is imminent. *See Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000) (finding that an irreparable injury "must be neither remote nor speculative, but actual and imminent."); *see also* Fed. R. Civ. P. 65, Local Rule 4.06.

Further, Plaintiff's conclusory request to compel defendants "to do their job[s] professionally" would require the Court to interfere with the workings of a federal penitentiary and medical facility as well as undertake management of a single inmate. Federal courts should generally defer to prison administrators as to policies and practices needed to run a correctional institution. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1978).

Thus, Plaintiff has not demonstrated entitlement to either a temporary restraining order or a preliminary injunction.

Accordingly, it is **ORDERED**:

1. Plaintiff's construed Motion for Temporary Restraining Order/Request for a Preliminary Injunction (Dkt. 4) is **DENIED.**

**DONE AND ORDERED** in Ocala, Florida on June 3, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any